

# THE ATTORNEY GENERAL
## OF TEXAS

**AUSTIN 11, TEXAS**

**PRICE DANIEL**
ATTORNEY GENERAL

December 8, 1952

Hon. Coke R. Stevenson, Jr.
Administrator
Texas Liquor Control Board
Austin, Texas                    Opinion No. V-1542.

Re: Legality of Advertise-
ment and Sale by Manu-
facturer of rum flavor-
ed ice cream and egg nog
containing more than 1/2

Dear Mr. Stevenson:          of 1% of alcohol by volume.

You have asked for the opinion of this office with
reference to the legality, under the provisions of the
Texas Liquor Control Act, of a manufacturer advertising
and selling frozen egg nog which contains more than 1/2
of 1% of alcohol by volume and "rum flavored" ice cream
containing more than 1/2 of 1% of alcohol by volume. We
quote from your opinion request as follows:

"It is our opinion that 'egg nog' (frozen
or otherwise) if it contains more than 1/2 of
1% of alcohol by volume cannot be sold in
Texas unless the seller is the holder of a
permit authorizing such sales, since it is a
drink.

"It is further our opinion that ice
cream is a food, which is not contemplated to
be a beverage. Ice cream to be eaten and not
drunk, even though it is rum flavored and contains
more than 1/2 of 1% of alcohol by volume, would
not be an 'alcoholic beverage.'

"We would appreciate your valued opinion
as to whether or not egg nog, which was frozen
and which contained more than 1/2 of 1% of alcohol
by volume, could be advertised and sold by Cabell's,
Inc.; also, whether or not it could advertise and
sell 'rum flavored' ice cream."

Article 666-3-a(1), Vernon's Penal Code, provides as follows:

"'Alcoholic Beverage' shall mean alcohol and any beverage containing more than one-half of one percent (1/2 of 1%) of alcohol by volume which is capable of use for beverage purposes, either alone or when diluted."

Article 667-2, Vernon's Penal Code, provides in part, that:

"It shall be unlawful to manufacture, sell, barter, or exchange within this State any beverage containing alcohol in excess of one-half of one percent by volume and not more than four (4) percent of alcohol by weight except beer."

It is clear that the manufacture or sale of any type of alcoholic beverage is prohibited in Texas except by the holders of proper permits or licenses obtained by due process of law. With reference to your inquiry concerning the manufacture and sale of egg nog containing more than 1/2 of 1% of alcohol by volume, it is our opinion that such sale and manufacture would be unlawful. "Egg nog," such as described in your request, without question, is a "beverage" within the meaning of the Texas Liquor Control Act. The word "beverage," in common meaning, signifies a liquid designed for drinking by human beings. The word connotes something to be drunk. Burnstein v. U. S., 55 F.2d 599, 603 (C.C.A. 9th 1932). A product must be "capable for use for beverage purposes, either alone or when diluted," to be within the prohibition set out in the Liquor Control Act.

The expression "capable for use for beverage purposes, either alone or when diluted," is quite broad and must include within its purview those liquids, which, although they may not be considered as beverages, are yet capable of being so used. The sale of an alcoholic liquid not capable of use as a beverage would constitute no violation of the law. McChristy v. State, 133 S.W.2d

976 (Tex. Crim. 1939); Petty v. State, 162 S.W.2d 963 (Tex. Crim. 1942).

In addition to the above egg nog is defined in Webster's Dictionary as "a drink consisting of eggs beaten up with sugar, milk, and, sometimes, wine."

It is our opinion that the Legislature intended the word "beverage" to include a product such as the egg nog product about which you inquired. Walker-Hill Co. v. United States, 162 F.2d 259 (C.C.A. 7th 1947).

Your question as to rum flavored ice cream calls for further inquiry. Whether a given product is "capable of being used as a beverage" so that its manufacture and sale constitutes a violation of the Texas Liquor Control Act depends upon the facts of the particular case and is not determined by the name given to the product. Ice cream would not be classed as a "beverage" within the commonly accepted meaning and use of the term. Ice cream itself is not a drink or something to be drunk. However, it may be "capable of use for beverage purposes, either alone or when diluted," as when melted or used for the making of milk shakes, and may come within the purview of Article 666-3-a(1), Vernon's Penal Code and Article 667-2, Vernon's Penal Code. A "beverage" may be a food product although a particular food product may not be a "beverage." The intention of the Legislature as to whether a product such as ice cream with more than 1/2 of 1% of alcohol by volume can be lawfully manufactured and sold without a permit or license is controlling. Certainly the Legislature did not intend that a subterfuge be perpetrated by the use of an illegal amount of alcohol in a particular product which is to be sold to the public. Assuming that no subterfuge is involved, it is our conclusion that ice cream is not a "beverage" within the terms of the Texas Liquor Control Act. It is a "food product," however, within the terms of Article 666-15(11), Vernon's Penal Code, and it is specifically required that an Industrial Permit must be secured before the manufacture and sale of such product would be lawful.

## SUMMARY

Egg nog is a "beverage" within the terms of the Texas Liquor Control Act and it cannot be manufactured or sold without a permit if it contains more than 1/2 of 1% of alcohol by volume. "Ice cream" is not a "beverage" within the terms of the Liquor Control Act and may be manufactured or sold when it contains more than 1/2 of 1% of alcohol by volume without any permit other than an industrial permit provided there is no subterfuge involved.

Yours very truly,

PRICE DANIEL
Attorney General

APPROVED:

William S. Lott
State Affairs Division

E. Jacobson
Executive Assistant

By

Assistant

Charles D. Mathews
First Assistant

cbk/mlh